### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**BILLY FOSTER**                                        **CASE NO.  3:22-CV-06133**

**VERSUS**                                              **JUDGE TERRY A. DOUGHTY**

**LATONDRA MCCOY FISHER ET AL.**          **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim, or, in the alternative, motion for a more definite statement [doc. #4], filed by Defendants Latondra McCoy Fisher and Kerry Scott.  For reasons assigned below, it is recommended that Defendants' motion to dismiss for failure to state a claim be GRANTED IN PART and DENIED IN PART AS MOOT.

### Background

This suit arises from a dispute related to ownership of Cognitive Development Center of Monroe, Inc. ("CDCMI"), a mental health rehabilitation facility in Monroe, Louisiana.  [doc. #1, p. 6–7].   Plaintiff Billy Foster claims that Defendants engaged in a "bait and switch" scheme to divert clients from CDMI to "a company established at the same time using the same name."  *Id.*  Plaintiff claims that Defendants conspired to strip him of his ownership interest and steal money from CDMI for personal use, as well as other violations of fiduciary duties.  *Id.*

On August 11, 2006, Plaintiff filed suit in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, seeking, *inter alia*, recognition of his ownership in CDCMI.  *Foster v. Fisher*, 53,205 (La. App. 2 Cir. 2/5/20); 290 So.3d 1215.  On February 5, 2020, after "[e]xtensive litigation," the Louisiana Second Circuit Court of Appeals held that Foster remained a fifty percent

owner of CDCMI, found that Foster was not entitled to profits after 2006 when he stopped working for CDCMI, and ordered the liquidation of CDCMI.[1]  *Id.*

On November 12, 2021, Plaintiff filed suit before this Court, captioned *Foster v. Seaside Healthcare*, Civ. No. 3:21-cv-3985, and asserted claims against Seaside Healthcare; Adrian Fisher; Latondra McCoy Fisher; and the Cognitive Development Center Board of Directors.  In that case, Plaintiff brought claims related to tax evasion, breach of fiduciary duty with respect to an Employee Retirement Income Security Act ("ERISA") plan, and breach of fiduciary duty.  *Foster*, Civ. No. 3:21-cv-3985.

On May 27, 2022, the undersigned recommended dismissal of Plaintiff's claims in that case, finding that he failed to state claims upon which relief could be granted.  *Foster*, No. 3:231-CV-03985, 2022 WL 2824671, at *4 (W.D. La. May 27, 2022). On July 19, 2022, Judge Doughty adopted the Report and Recommendation and dismissed Foster's claims with prejudice.  *Foster*, 2022 WL 2818779, at *1.

On December 5, 2022, Plaintiff filed the instant case.  [doc. #1].  He asserts claims under ERISA, 29 U.S.C. §§ 1104(a)(1)(B), 1104(a)(1)(d), 1106(a), 1106(B), and 1132(a)(2).

On December 26, 2022, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, motion for a more definite statement.  [doc. #4].  Therein, Defendants argue that Plaintiff fails to allege that a relevant ERISA plan exists, "not to mention a complete dearth of other allegations that would make available any relief . . . ."  [doc. #4-1, p. 3].  Defendants also argue that Plaintiff failed to state a cause of action for punitive

---

[1] The Court takes judicial notice of the decision by the Louisiana Court of Appeal for the Second Circuit pursuant to Federal Rule of Civil Procedure 201.  *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (the court may "take judicial notice of the public records in . . . prior state court proceedings").

damages. *Id.* Alternatively, if the Court does not dismiss the matter, Defendants ask that Plaintiff be required to provide a more definite statement of his claims. *Id.*

On January 11, 2023, Plaintiff filed a motion to amend his original complaint. [doc. #6]. Therein, Plaintiff re-asserts the claims in his original complaint, and alleges that Defendants falsified documents to "switch ownership" and "divert funds." *Id.*

On January 27, 2023, Defendants filed a supplemental memorandum in support of their motion to dismiss and alternative motion for a more definite statement. [doc. #9]. Therein, Defendants argue that Plaintiff's amended complaint cites no new provisions of law in support of the claims made in his original complaint. *Id.* Defendants also argue that the new arguments in Plaintiff's motion to amend are not part of his amended complaint. *Id.* However, even if they were, Defendants argue that the new arguments are not sufficient to state a claim. *Id.* Defendants also re-urge their alternative motion for a more definite statement, arguing that Plaintiff's amended complain asserts vague, conclusory claims and Defendants are entitled to a more definite statement to prepare a response. *Id.*

On February 7, 2023, Plaintiff filed his opposition to Defendants' motions. [doc. #10]. Therein, he argues that his "statement of claim is not a reassertion of case number 3:21-cv-03985." *Id.* He also argues that he submitted "undisputed evidence to the court and defendant's attorney of both defendant being fiduciary [sic]." *Id.*

On February 8, 2023, Plaintiff filed a motion to supplement his complaint to attach documents, which the Court granted on February 13, 2023. [doc. #13]. He filed a motion to amend/correct his complaint on February 9, 2023. The Court granted the motion on February 13, 2023. [doc. #13, 14].

On February 17, 2023, Defendants filed their reply. [doc. #16].

Accordingly, this matter is ripe.

## Discussion

I.    *Standard of Review*

    a.  *12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *See Iqbal*, 556 U.S. at 663.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  *Iqbal,* 556 U.S. at 663.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

"The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference and matters of which a court may take judicial notice"—including public records. *Dorsey*, 540 F.3d at 338; *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (proper to take judicial notice of matters of public record).

## II.    Analysis

Defendants argue that Plaintiff's claims should be dismissed because he fails to allege any specific facts to support his claims.  [doc. #16, pp. 2–3].  Rather, Plaintiff has inundated the Court with "a litany of irrelevant and immaterial documents" that do not relate to his claims.  *Id.*

The undersigned agrees.  Plaintiff's claims arise under ERISA, 29 U.S.C. §§ 1104(a)(1)(B), 1104(a)(1)(d), 1106(a), 1106(B), and 1132(a)(2).  ERISA provides a uniform regulatory regime over employee benefit plans.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  ERISA also provides a cause of action for individuals to recover benefits or enforce rights under an ERISA-regulated plan.  *Id.*

However, neither Plaintiff's amended complaint nor its attachments allege any facts relating to an ERISA plan, fiduciary, or plan administrator.  Rather, Plaintiff makes conclusory statements[2] alleging that Defendants "falsified documents" and engaged in a scheme to deprive him of his ownership interest in CDCMI.[3]  [doc. #6, pp. 1–2].  Thus, Plaintiff's allegations are wholly unrelated to the statutes under which he seeks relief.  Therefore, even under Rule 8's short and plain statement standard, Plaintiff fails to support his conclusory statements with the necessary factual allegations.  *Iqbal*, 556 U.S. at 664.  Accordingly, Plaintiff's claims should be dismissed with prejudice.

---

[2] These allegations are included in Plaintiff's motion to amend his original complaint [doc. #6]. Defendants argue that these allegations are not attached to his amended complaint, and therefore, are not part of his amended complaint.  [doc. #9].  Regardless, even if these allegations were part of the amended complaint, Plaintiff would still fail to state a claim.

[3] The undersigned observes that as two courts—including this one—previously adjudicated Plaintiff's nearly identical claims on the merits, the instant claims may be barred by res judicata. Defendants, however, do not advance that argument.  Regardless, Plaintiff fails to state a claim upon which relief can be granted.

Alternatively, Defendants urge the Court to require a more definite statement by Plaintiff. However, given the undersigned's recommendations, it is unnecessary to reach these arguments. Accordingly, to the extent that Defendants seek a more definite statement, their motion should be denied as moot.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim, or, in the alternative, motion for a more definite statement [doc. #4], be **GRANTED IN PART** and **DENIED IN PART AS MOOT.**

To the extent that Defendants seek dismissal of all of Plaintiff's claims, **IT IS RECOMMENDED** that their motion be **GRANTED,** and Plaintiff's claims be **DISMISSED WITH PREJUDICE.** Otherwise, **IT IS RECOMMENDED** that Defendants' motion be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14)** days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE